In the Matter of MARGARET SAMSON, Doing Business as THE OLD HOMESTEAD, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, June 1, 1978

### APPEARANCES OF COUNSEL

*Grasso & Grasso (Frank N. Grasso* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Edward R. Moss, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 1975, which affirmed an assessment upon the employer for additional contributions.

The sole issue raised before the administrative agencies was the status of a band of musicians as employees of the appellant.

The appellant operated a bar and restaurant known as The

Old Homestead and commencing in April of 1972 she engaged a band known as the "Western Aces" to perform at her establishment on a weekly basis—Saturday nights. There was a band leader and the hiring of the band was done with the leader and all payments were made to the leader on a weekly basis. There was no written contract and no contracts between the employer and the individual musicians.

About a year after the band commenced playing weekly at the appellant's establishment, the band members changed their name to the "Old Homesteaders" and at one time someone other than the leader asked for more money for the band and appellant did pay the leader more thereafter. If a musician was absent for an engagement, the leader would furnish a replacement.

At the hearing held on April 1, 1975 the representative of the Industrial Commissioner stated that the sole basis for the assessment was that the band adopted a name similar to that of the appellant's establishment and had worked there for a two-year period. The Referee ruled that the members of the band were independent contractors and the record establishes that the decision of the board overruling the Referee was erroneous as a matter of law.

The board recognized that "the instant case must be decided on the basis of the common law relationship of master and servant." Applying the above facts, it is apparent that there is no proof which would imply that the band either collectively or as individuals was subject to the appellant's supervision, direction and control (cf. *Matter of Williams [Classic Lounge—Catherwood]*, 30 AD2d 583).

The decision should be reversed, with costs, and the matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith.